IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-2269-GPG

**KEVIN L. MCKINNEY;** Inmate No. 66506,

      Plaintiff,

v.

**COLORADO DEPARTMENT OF CORRECTIONS**;
**ANTHONY A. DeCESARO,** Grievance Officer;
**LAURENCE,** Physician Assistant;
**JOHN KLEIN,** Grievance Responder (11160); and
**LISA HANKS,** Grievance Responder (15936),

      Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Kevin L. McKinney, is a prisoner in the custody of the Arkansas Valley Correctional Facility in Ordway, Colorado.  Mr. McKinney initiated this action by filing a complaint claiming that he has been denied adequate medical care.

The court must construe the complaint liberally because Mr. McKinney is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. McKinney will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the complaint is deficient.  The complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. McKinney asserts jurisdiction pursuant to 42 U.S.C. § 1983, which "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).   Construing the complaint liberally, it appears that Mr. McKinney is asserting a constitutional claim pursuant to both the Eighth and Fourteenth Amendments alleging he has been denied adequate medical treatment in that he suffers from a hernia and has been denied surgery and pain medication.

It is not clear against which Defendant or Defendants Mr. McKinney is asserting the medical treatment claims or what any particular Defendant did with respect to medical treatment that violated Mr. McKinney's constitutional rights.  In order to state an arguable medical treatment claim Mr. McKinney must allege specific facts that demonstrate deliberate indifference to his serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).  Deliberate indifference means that "a prison official may be held liable . . .

2

only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The "deliberate indifference" standard for purposes of liability under section 1983 is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 410 (1997). The defendant must be both aware of facts from which the inference could be drawn that a substantial harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837. An official is not deliberately indifferent if "he fails to alleviate a significant risk that he should have identified." *Id*. Moreover, deliberate indifference to a serious medical need of a prisoner is distinguishable from a negligent diagnosis or treatment of a medical condition; only the former conduct violates the Eighth Amendment. Medical malpractice may give rise to a tort claim in state court but does not necessarily rise to the level of a federal constitutional violation.

Moreover, correctional defendants who are not themselves physicians cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir.1993). "If a prisoner is under the care of medical experts ..., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir.2004). Thus, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference. *Id*. *See also Hernandez v. Keane*, 341 F.3d 137, 148 (2d Cir. 2003) (no deliberate indifference on part of grievance reviewer who delegated responsibility for investigating

3

inmate's complaints about his medical needs to other prison staff).   Because Plaintiff

alleges that Defendants DeCeasaro, Klein and Hanks merely reviewed and responded to

his grievances, his allegations fail to state a claim against these parties under the Eighth

Amendment.

Nor does he state a claim under the Fourteenth Amendment against these parties.

Inmates do not have an independent constitutional right to administrative grievance

procedures.  *See Boyd v. Werholtz*, Civil No. 10–3284, 2011 WL 4537783, at *1 (10th Cir.

Oct. 3, 2011) (unpublished opinion).   "Nor does the state's voluntary provision of an

administrative grievance process create a liberty interest in that process."  *Id.* (citing

Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (observing that inmates have

no constitutionally-protected liberty interest in access to prison grievance procedure); *see

also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*) (finding that "[a]

prison grievance procedure is a procedural right only, it does not confer any substantive

right upon the inmates.   Hence, it does not give rise to a protected liberty interest .... "

(quotation and brackets omitted)).   Since there is no constitutional right to a grievance

procedure, it follows that failure to comply with any time restraints imposed under such

grievance procedure does not give rise to a cognizable constitutional rights claim.

Instead, "[w]hen the claim underlying the administrative grievance involves a

constitutional right, the prisoner's right to petition the government for redress is the right of

access to the courts, which is not compromised by the prison's refusal to entertain his

grievances."  *Boyd*, 2007 WL 4537783 at *1 (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th

Cir. 1991).

In summary, Mr. McKinney must identify the specific claims he is asserting, the

specific factual allegations that support each claim, against which Defendant or

4

Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "**a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated**") (emphasis added).  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Finally, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

To the extent Mr. McKinney asserts a constitutional claim against an individual, he must allege specific facts that demonstrate how that individual personally participated in the asserted constitutional violation.  *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").  Furthermore, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of *respondeat superior*.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing

standards for supervisory liability).

Moreover, Plaintiff has named the Colorado Department of Corrections (CDOC), which is considered an arm of the state of Colorado and claims against it are construed against the State of Colorado. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating that claims asserted against government officials in their official capacities are construed against the governmental entity). The State and its agencies are entitled to Eleventh Amendment immunity, absent a waiver. *See generally Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (the immunity conferred by the Eleventh Amendment extends to the state and its instrumentalities); *Steadfast Ins. Co. v. Agricultural Ins. Co.,* 507 F.3d 1250, 1256 (10th Cir. 2007) (recognizing that agency of the state is entitled to Eleventh Amendment immunity). Congress did not abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979), nor has the CDOC expressly waived its sovereign immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). The Eleventh Amendment prohibits suit against a state entity, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003); *see also Hunt v. Colorado Dep't of Corrections*, No. 07-1400, 271 F. App'x 778, 780-81 (10th Cir. March 28, 2008) (unpublished). Accordingly, Mr. McKinney cannot obtain a judgment for damages against the individual Defendants, sued in their official capacities. Nor can he obtain a judgement for damages against the CDOC. However, to the extent the Complaint asserts a cognizable claim for relief under § 1983, Plaintiff is not precluded from seeking prospective injunctive relief. *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Branson Sch. Dist. RE–82 v. Romer*, 161 F.3d 619, 631 (10th Cir.1998) ("[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not . . . against the state for Eleventh Amendment

6

purposes.").

Finally, because Mr. McKinney must clarify the claims he is asserting, he will be directed to file an amended complaint on the complaint form approved for use by prisoners in the District of Colorado.  Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."  Accordingly, it is

**ORDERED** that Mr. McKinney file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

**FURTHER ORDERED** that Mr. McKinney shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

**FURTHER ORDERED** that, if Mr. McKinney fails to file an amended complaint that complies with this order within the time allowed, the claims that do not comply with the pleading requirements of Rule 8 will be dismissed without further notice.

DATED October 14, 2015, at Denver, Colorado.

BY THE COURT:

 /s Gordon P. Gallagher
Gordon P. Gallagher
United States Magistrate Judge