IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-2269-GPG

**KEVIN L. MCKINNEY;** Inmate No. 66506,

    Plaintiff,

v.

**COLORADO DEPARTMENT OF CORRECTIONS**;
**T. LAURENCE**, Physician Assistant;
**JOHN KLEIN**, Supervisor of AVCF Medical Clinic; and
**LISA HANKS**, Nurse,

    Defendants.

## ORDER TO DRAW IN PART AND TO DISMISS IN PART

Plaintiff Kevin L. McKinney is in the custody of the Colorado Department of Corrections (CDOC) and currently is confined at the Arkansas Valley Correctional Facility (AVCF). Acting *pro se*, he filed a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 complaining about inadequate medical treatment. The second amended complaint (ECF No. 13, docketed as "amended complaint") is the operative complaint. Plaintiff alleges that he has been denied hernia surgery based on a CDOC policy that does not refer prisoners for hernia surgery. He has alleged he continuously complained to medical providers since May of last year that his hernia was causing him severe pain and discomfort and that the treatment provided, a hernia belt and medications, were ineffective.

Specifically, Plaintiff asserts that he was examined by Physician Assistant T. Lawrence on June 23, 2015 and July 2, 2015 and was informed on both occasions that he had a direct inguinal hernia but that CDOC policy prohibited surgery as long as it

was reducible. He further claims that Defendant John Klein, supervisor of the AVCF medical clinic, knew of his serious medical need and failed to take appropriate measures to provide him with adequate medical care. Plaintiff asserts deliberate indifference to his serious medical need in violation of the Eighth Amendment of the U.S. Constitution. He seeks injunctive relief and money damages.

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Court will dismiss the Amended Complaint in part and order the case drawn in part.

Mr. McKinney was informed that personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010). A supervisor can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights.").

In the Amended Complaint, Plaintiff alleges that Defendant Klein is the

supervisor of the AVCF medical clinic and that, by virtue of the denial of his grievance, he was aware of Plaintiff's serious medical need and failed to respond reasonably to it.

As the Court previously instructed Plaintiff, correctional defendants who are not themselves physicians cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir.1993). "If a prisoner is under the care of medical experts ..., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Thus, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference. *Id. See also Hernandez v. Keane*, 341 F.3d 137, 148 (2d Cir. 2003) (no deliberate indifference on part of grievance reviewer who delegated responsibility for investigating inmate's complaints about his medical needs to other prison staff).

Moreover, nothing Plaintiff asserts against Defendant Klein, based on his supervisory role, indicates that he violated the Constitution by virtue of his own conduct and state of mind. Rather, Plaintiff claims that his decision was based on a CDOC policy. Thus, he will be dismissed. *See Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990) (holding that, to establish supervisory liability in a § 1983 action, a plaintiff must show that "a supervisory defendant, expressly or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation").

In addition, Defendants Klein and Hanks cannot be held liable under § 1983

solely on the basis that they denied Plaintiff's grievances. The denial of a grievance, without more, does not establish personal participation under § 1983. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, 307 F. App'x. 179, 193 (10th Cir. 2009) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility,* 99 F. App'x. 838, 843 (10th Cir. 2004) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"). Thus, Defendant Hanks also will be dismissed. Accordingly, it is

**ORDERED** that Defendants John Klein and Lisa Hanks are dismissed from this action. It is

**FURTHER ORDERED** that the claims asserted against the CDOC and Defendant T. Lawrence shall be drawn to a presiding judge and if appropriate to a magistrate judge.

DATED at Denver, Colorado, this   15th   day of January, 2016.

BY THE COURT:

s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court

4