IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-02269-MJW

KEVIN L. MCKINNEY,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
T. LAURENCE,

Defendants.

**ORDER ON DEFENDANTS' MOTION TO DISMISS (Docket No. 27)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff brings this suit against medical providers at the Colorado Department of Corrections ("CDOC").  Defendants have moved to dismiss.  (Docket No. 27.)  Plaintiff filed a brief response.  (Docket No. 30.)  The Court has reviewed the parties' filings, taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law.  Now being fully informed, the Court grants the motion and dismisses this case without prejudice.

**Facts as Alleged in the Second Amended Complaint**

Plaintiff has a direct inguinal hernia.  (Docket No. 13, p.7.)  He contacted prison medical facilities about his pain on May 28, 2015; June 8, 2015; and June 12, 2015.  (*Id.* at 5.)  He received no response until June 14, 2015—a full 17 days after his initial complaint.  (*Id.*)  He was examined by Defendant Laurence on June 23, 2015 and again on July 2, 2015.  (*Id.* at 7.)  Defendant Laurence diagnosed the hernia, but explained

2

that it is reducible—and that prison policy is to provide a hernia belt and pain medication, rather than surgery, when a hernia is reducible.  (*Id.*)

## Discussion

Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  As stated by then-Chief Judge Babcock in 2001:

> Rule 12(b)(1) empowers a court to dismiss a complaint for lack of jurisdiction over the subject matter.  As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear.  Statutes conferring jurisdiction on federal courts are to be strictly construed.  A Rule 12(b)(1) motion to dismiss must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction.  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.
>
> . . . [I]f a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true.

*Cherry Creek Card & Party Shop, Inc. v. Hallmark Mktg. Corp.*, 176 F. Supp. 2d 1091, 1094–95 (D. Colo. 2001) (internal citations, quotation marks, and alterations omitted).

The Tenth Circuit has recently explained the standards under Rule 12(b)(6):

> . . . To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face.  Disregarding conclusory statements, the remaining factual allegations must plausibly suggest the defendant is liable.  A claim for relief is plausible when the plaintiff pleads facts adequate to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Such facts must raise a right to relief above the speculative level.

*McDonald v. Wise*, 769 F.3d 1202, 1210 (10th Cir. 2014) (internal citations, quotation marks, and alterations omitted).

I.   <u>**Eleventh Amendment**</u>

Defendants argue that Plaintiff may not seek damages from Defendant Laurence in his official, as opposed to individual, capacity.  *See Hafer v. Melo*, 502 U.S. 21, 25-26 (1991).  This is true; to the extent Plaintiff seeks damages against Defendant Laurence in his official capacity, such claims are hereby dismissed.  The Eleventh Amendment does not, however, provide any defense for Defendant Laurence in his official capacity as to injunctive relief.  *Id.* at 30-31 (discussing *Ex parte Young*, 209 U.S. 123 (1908)).

II.   <u>**Eighth Amendment**</u>

The standard for inadequate medical care under the Eighth Amendment is "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The test is both objective and subjective: a prisoner must establish that he was deprived of a medical need that is, objectively, "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and that the defendant subjectively knew of and disregarded "an excessive risk to [the prisoner's] health and safety," *id.* at 837.

Defendants concede the objective component for purposes of their motion to dismiss, arguing that Defendants have exercised appropriate medical judgment and that Plaintiff is not entitled to his choice of treatment.  *See, e.g.*, *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

Defendants are correct.  Courts have repeatedly held that prisons may treat minor hernias with non-surgical alternatives.  Where prison officials take actions to address hernias—providing trusses or hernia belts, prescribing pain medication,

4

forwarding the case for surgery review, putting the prisoner on work restrictions, etc.—courts uniformly hold that the prisoner fails to state a claim, even if the prisoner would have preferred a more expeditious corrective surgery. *See, e.g.*, *Karsten v. Camacho, P.A.*, ___ F. App'x ___, 2014 WL 7181240, at *2 (10th Cir. Dec. 18, 2014) (defendant provided hernia belt, referred case for higher review, did not prescribe pain medication due to plaintiff's liver condition); *Sherman v. Klenke*, ___ F. Supp. 3d ___, 2014 WL 4436628, at *13 (D. Colo. Sept. 9, 2014) (defendant saw plaintiff on 13 occasions, prescribed various medications and a truss, and imposed work restrictions); *Bowen v. Treiber*, 492 F. Supp. 2d 1206, 1213 (E.D. Cal. 2006) (defendant provided hernia belt, imposed work restrictions, and recommended surgery); *see also Plummer v. McDermott*, No. 15-1131, 2015 WL 6075837, at *2 (10th Cir. Oct. 15, 2015) (six-month delay in surgery).

By contrast, where prison officials fail to take any action despite notice of a hernia, or fail to take any reasonably adequate action, courts routinely hold that the plaintiff has stated a claim. *See, e.g.*, *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012) (surgery prescribed but delayed over a year without any explanation); *Gonzalez v. Feinerman*, 663 F.3d 311, 313 (7th Cir. 2011) (worsening symptoms untreated for nearly two years); *Delker v. Maass*, 843 F. Supp. 1390 (D. Ore. 1994) (defendant deliberately withheld surgery for legal rather than medical reasons); *Johnson v. Lockhart*, 941 F.2d 705, 706–07 (8th Cir. 1991) (surgery delayed ten months despite recommendation that surgery "should be provided immediately and should not be delayed more than several days").

5

Here, there are no allegations from which it can be inferred that Defendant Laurence has ignored Plaintiff's hernia or otherwise been reckless of a known risk of harm.  The most that can be said is that Plaintiff would prefer corrective surgery rather than palliative treatment.  This does not constitute deliberate indifference by Defendant Laurence, nor by CDOC more broadly, and it therefore does not rise to the level of a constitutional violation.

**Order**

It is hereby ORDERED that:

- Defendants' Motion to Dismiss (Docket No. 27) is GRANTED;
- Plaintiff's Second Amended Complaint (Docket No. 12) is DISMISSED WITHOUT PREJUDICE; and
- The Status Conference set for March 7, 2016, at 9:30 a.m. is VACATED.

Dated:   March 1, 2016                       */s/ Michael J. Watanabe*
         Denver, Colorado                    Michael J. Watanabe
                                             United States Magistrate Judge